Gary A. AYRES, Plaintiff–Appellant,

v.

EARNHARDT'S GILBERT DODGE, INC., an Arizona corporation, Defendant–Appellee,

and

Arthur Sheldon Schaier, husband; et al., Defendants.

Gary A. Ayres, Plaintiff–Appellee,

v.

Earnhardt's Gilbert Dodge, Inc., an Arizona corporation, Defendant–Appellant,

and

Arthur Sheldon Schaier, husband; et al., Defendants.

Nos. 01–15984, 01–16726.

D.C. No. CV–97–01933–ROS.

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM**

Gary Ayres appeals pro se the district court's directed verdict, pursuant to Fed. R.Civ.P. 50, for the defendant on the issue of damages in Ayres' employment discrimination action alleging that he was demoted and constructively discharged due to age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Earnhardt's Dodge cross-appeals the district court's order denying Earnhardt's motion to modify the judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's directed verdict. *Headwaters Forest Defense v. County of Humboldt,* 240 F.3d 1185, 1196 (9th Cir.2000). We review for abuse of discretion the district court's order denying a Fed.R.Civ.P. 59(e) motion to amend judgment. *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). We affirm the appeal in No. 01–15984 and reverse and remand the cross-appeal in No. 01–16726.

The district court properly granted a directed verdict on the issue of damages to Earnhardt's Dodge because Ayres failed to offer any competent proof of actual damages. *See Weinberg v. Whatcom Co.,* 241 F.3d 746, 751 (9th Cir.2001).

We are unpersuaded by Ayres' remaining contentions.

We deny Ayers' motion to file an appendix.

The district court erred by denying Earnhardt's Dodge's motion to amend the

filed on October 9, 2002. *See* Fed. R.App. 10(a)(1).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

judgment to declare that Ayres was not the prevailing party entitled to recover costs pursuant to Fed.R.Civ.P. 54(d). To qualify as a prevailing party, a plaintiff must obtain at least some relief on the merits accompanied by an enforceable judgment. *See Farrar v. Hobby,* 506 U.S. 103, 111–13, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Here, although the jury found in Ayres' favor on his ADEA claim, it was unable to calculate Ayres' actual damages. The directed verdict for the defendant precludes Ayres from being deemed a prevailing party because he failed to obtain any relief or enforceable judgment. *See id.* Consequently, we vacate the district court's award of costs to Ayres, and reverse the district court's denial of Earnhardt's motion to modify judgment.

No. 01–15984 AFFIRMED; No. 01–16726 VACATED in part, REVERSED in part, and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.